# EXHIBIT A

Law Division Motion Section Initial Case Management Dates for CALENDARS, A, B, C, D, E, F, H, R, X, Z will be heard in person.
All other Law Division Initial Case Management Dates will be heard via Zoom.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 10/23/2023 9:00 AM

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | SUMMONS | FILED<br>8/23/2023 12:12 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2023L008451<br>Calendar, Y<br>24078766 |
|---|---|---|

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Below "Defendants/Respondents," enter the names of all people you are suing.

Enter the Case Number given by the Circuit Clerk.

Louis Glunz Beer, Inc.
**Plaintiff / Petitioner** (First, middle, last name)

v.

**Defendants / Respondents** (First, middle, last name)
Sapporo USA, Inc.

**2023L008451**

**Case Number**

☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.)

FILED DATE: 8/23/2023 12:12 PM 2023L008451

## IMPORTANT: You have been sued.

- Read all documents attached to this Summons.
- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.
- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.
- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

### Plaintiff/Petitioner:

**Do not use this form** in these types of cases:
- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

SU-S 1503.4  Page 1 of 5  (05/23)

Enter the Case Number given by the Circuit Clerk: _____

FILED DATE: 8/23/2023 12:12 PM   2023L008451

| | | |
|---|---|---|
| In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |

1. **Defendant/Respondent's address and service information:**
   a. Defendant/Respondent's primary address/information for service:
      Name *(First, Middle, Last)*: Sapporo USA, Inc.
      Registered Agent's name, if any: _____
      Street Address, Unit #: 19 West 44th Street, Ste. 1410
      City, State, ZIP: New York, NY 10036
      Telephone: (212) 922-9165    Email: info@sapporousa.com

   In **1b**, enter a second address for the first Defendant/Respondent, if you have one.

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
      Name *(First, Middle, Last)*: _____
      Street Address, Unit #: _____
      City, State, ZIP: _____
      Telephone: _____    Email: _____

   In **1c**, check how you are sending your documents to this Defendant/Respondent.

   c. Method of service on Defendant/Respondent:
      ☐ Sheriff        ☐ Sheriff outside Illinois: _____
                                                      County & State
      ☑ Special process server    ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/Respondent. Attach an *Additional Defendant/Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☐ **I am serving more than 1 Defendant/Respondent.**
   I have attached _____ *Additional Defendant/Respondent Address*
                      Number
   *and Service Information* forms.

In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property.

2. **Information about the lawsuit:**
   a. Amount claimed: $ _____
   ☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

In **3**, enter your complete address, telephone number, and email address, if you have one.

3. **Contact information for the Plaintiff/Petitioner:**
   Name *(First, Middle, Last)*: Jeffery M. Heftman, Esq.
   Street Address, Unit #: One East Wacker Drive, Ste. 1700
   City, State, ZIP: Chicago, IL 60601
   Telephone: (312) 782-5010    Email: j.heftman@gozdel.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

**Important information for the person getting this form**

You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms.

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

4. **Instructions for person receiving this *Summons* (Defendant):**
   ☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:
      Address: 50 West Washington St.
      City, State, ZIP: Chicago, IL 60602

FILED DATE: 8/23/2023 12:12 PM 2023L008451

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response*. |
|---|
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website.<br>All of this information is available from the Circuit Clerk. |

☐ b. **Attend court:**

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
      *Date*            *Time*                           *Courtroom*

**In-person at:**

_____
*Courthouse Address*      *City*      *State*      *ZIP*

**OR**

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

    By telephone: _____
                    *Call-in number for telephone remote appearance*

    By video conference: _____
                          *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                        *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
    *Website*

8/23/2023 12:12 PM IRIS Y. MARTINEZ

| **STOP!** The Circuit Clerk will fill in this section. |
|---|

**Witness this Date:** _____

**Clerk of the Court:** _____

[Circuit Court of Cook County, Illinois seal]

**STOP!** The officer or process server will fill in the Date of Service

**Note to officer or process server:**
- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _____
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

Enter the Case Number given by the Circuit Clerk: _____

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook _____ COUNTY | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | FILED<br>8/23/2023 12:12 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2023L008451<br>Calendar, Y |
|---|---|---|
| **Instructions**<br>Enter above the county name where the case was filed. | Louis Glunz Beer, Inc.<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.<br><br>Sapporo USA, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* | **2023L008451** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

FILED DATE: 8/23/2023 12:12 PM 2023L008451

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____ Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____
  And left it with: _____
    *First, Middle, Last*
  ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____ Race: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: _____ .

☐ On the Corporation's agent, _____
    *First, Middle, Last*
  ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____ Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**    **FEES**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

*Signature by:*   ☐ Sheriff
                  ☐ Sheriff outside Illinois:

Service and Return: $ _____
Miles _____ $ _____
Total $ _____

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Filed date: 8/23/2023 12:12 PM  2023L008451

Case: 1:23-cv-14872 Document #: 1-1 Filed: 10/13/23 Page 7 of 19 PageID #:13
Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard in person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 10/23/2023 9:00 AM

FILED
8/23/2023 12:12 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L008451
Calendar, Y
24078766

FILED DATE: 8/23/2023 12:12 PM   2023L008451

IN THE CIRCUIT COURT OF COOK COUNTY,
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| LOUIS GLUNZ BEER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| SAPPORO U.S.A., INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, Louis Glunz Beer, Inc. ("Glunz"), by its counsel, Gozdecki, Del Giudice, Americus & Brocato LLP, state as follows for their Complaint for Declaratory Judgment and Other Relief against Defendant Sapporo U.S.A., Inc. ("Sapporo"):

### OVERVIEW

1. Glunz, for years, has sold Sapporo's products related to the Unibroue brand of beer pursuant to the terms of Glunz's distribution agreement with Sapporo. The Illinois Beer Industry Fair dealing Act ("BIFDA") provides statutory protection to Distributors and requires Sapporo to pay Distributors the fair market value of Distributors' exclusive distribution rights before terminating its distribution agreements with Distributors. Notwithstanding Distributors' success in selling Sapporo products, Sapporo notified Distributors that it intends to terminate Distributors' statutorily protected exclusive distribution rights. Sapporo also has refused to engage in good faith negotiations regarding the fair-market value of the Distributors' statutorily protected distribution rights, offering an artificially depressed valuation of Distributors' distribution rights designed to coerce Distributors into accepting far less than their exclusive Sapporo distribution rights are worth. Accordingly, Distributors are forced to bring this action and hereby ask the Court to determine the proper fair market value of their exclusive Sapporo distribution rights.

1

2. BIFDA governs the production, distribution and retail sale of malt beverage products (including, alcoholic, non-alcoholic and low alcohol beer) within the state of Illinois. In Illinois, malt beverage products, are typically produced, distributed and sold to consumers through a three-tier system. The three-tier system requires separation of production, wholesale and retail responsibilities. With limited exceptions not applicable here, breweries (including Sapporo) must sell to wholesalers (including Glunz), who must sell to retailers. Retailers sell to the ultimate consumer.

3. Pursuant to the applicable provisions of BIFDA, BIFDA prohibits brewers, such as Sapporo, from terminating a wholesaler's exclusive distribution rights unless the brewer first pays the wholesaler reasonable compensation for the fair market value of the wholesaler's business with relation to the affected brand or brands.

4. By law, BIFDA is incorporated into, and is deemed a part of, every agreement between brewers and wholesalers. In addition, BIFDA is expressly incorporated by reference into the Distribution Agreement at issue in this case between Sapporo, on behalf of the Unibroue brands of beer ("Unibroue") and Glunz. BIFDA supersedes any conflicting provision of any private contract between a brewer and a wholesaler.

5. Despite Glunz's success in selling Unibroue products, Sapporo notified Glunz of Sapporo's intent to terminate Glunz's contractually and statutorily protected exclusive distribution rights to Unibroue. Instead of continuing to engage Glunz to sell Unibroue in its exclusive geographic territory, Sapporo is, in Illinois and potentially other parts of the country, consolidating distribution with one of the largest malt beverage distributors in the country.

6. Pursuant to BIFDA, Sapporo was obligated to "in good faith, make a written offer to pay reasonable compensation" to Glunz in exchange for its Unibroue distribution rights. 815

ILCS 720/7. Sapporo failed to make the good faith offer required by BIFDA. To the contrary, Sapporo offered Glunz two-and-a-half (2.5) times the gross profits Glunz earned on its sale of Unibroue products during the twelve-month period preceding the termination. As alleged more fully herein, and as will be proven at trial, Sapporo's offer was not for "reasonable compensation" because it is substantially below the value of beer distribution rights for brands that have not performed as well as Unibroue and do not have the growth potential as Unibroue.

7. After Sapporo made its offer, Glunz and Sapporo attempted to negotiate reasonable compensation for the fair market value of Glunz's businesses with relation to the Unibroue brands. Glunz supported its request for reasonable compensation by, among other things, presenting Sapporo with undisputed values of other recent malt beverage transactions, and Glunz explained to Sapporo why the fair market value of Glunz's Unibroue distribution rights is significantly greater than those other transactions. Nevertheless, Sapporo continued to refuse to make a good faith offer to pay reasonable compensation because it failed to make an offer comparable to the value of those other transactions, let alone to a value more appropriate given the tremendous success Unibroue is experiencing throughout the United States.

8. Glunz brings this Complaint for Declaratory Judgment and Other Relief pursuant to its Distribution Agreement and BIFDA for the Court to determine reasonable compensation for the fair market value of Glunz's exclusive Unibroue distribution rights.

## THE PARTIES

9. Glunz is an Illinois corporation. Glunz is a "wholesaler" as that term is defined by BIFDA, 815 ILCS 720/1.1(3).

10. Sapporo is a New York corporation. Sapporo is a brewer of alcoholic beer, flavored malt beverages, and other products sold under many brand names, including Sapporo, Anchor

Brewing Co., and Unibroue. Sapporo is a "brewer" as that term is defined by BIFDA, 815 ILCS 720/1.1(4).

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the parties pursuant to 735 ILCS 5/2-209 because this cause of action arises out of the transaction of business in the state of Illinois. This Court also has jurisdiction over the parties under BIFDA, 815 ILCS 720/9.

12. Venue is proper in this Court under 735 ILCS 5/2-101 because some of the transactions and negotiations out of which the causes of action arose took place in Cook County, Illinois.

## FACTS COMMON TO ALL COUNTS

**A.** **The Distribution Agreement And Sapporo's Abrupt Termination.**

13. As a general matter, wholesale beer distribution rights are exclusive, meaning that no two wholesalers can sell the same brand of beer in the same geographic territory. BIFDA, 815 ILCS 720/1.1(8).

14. Glunz and Sapporo entered into an exclusive distribution agreement in 2015 for the Unibroue brands. Pursuant to the exclusive distribution agreement, Sapporo granted Glunz the exclusive right to distribute Unibroue malt beverage products throughout parts of Cook County, Illinois. From the inception of the exclusive distribution agreement and through the current time, Glunz exclusively distributed the Unibroue products throughout its sales territory.

15. Despite Glunz's success selling the Unibroue products and its desire to continue to sell the products, in February 2023 Sapporo notified Glunz of Sapporo's intent to terminate Glunz's exclusive distribution rights, without cause, and transfer the Unibroue distribution rights to Glunz's competitor(s).

16. Although Sapporo's attempted termination might not negatively impact Sapporo, termination will seriously damage Glunz. Termination will deprive Glunz of the ability to earn continued returns on its investments of its hard work, and expenditure of time and money toward the growth and prosperity of Unibroue products.

17. The total annual volume of all beer products supplied by Sapporo (for the Unibroue brand) to Glunz pursuant to their distribution agreement represents 10% or less of the total annual volume of Glunz's business for all beer products supplied by all brewers.

      **B.**    **BIFDA Imposed on Sapporo an Obligation to Offer, in Good Faith, Reasonable Compensation for Glunz's Exclusive Distribution Rights.**

18. Section 7(1) of BIFDA, 815 ILCS 720/7(1), states, with emphasis added:

> [A]ny brewer that cancels, terminates or fails to renew any agreement . . . except as provided in this Act, **shall pay the wholesaler with which it has an agreement pursuant to this Act reasonable compensation for the fair market value of the wholesaler's business with relation to the affected brand or brands.** The fair market value of the wholesaler's business shall include, but not be limited to, its goodwill, if any.

19. Section 7(1.5) of BIFDA, 815 ILCS 720/7(1.5), requires a brewer to pay reasonable compensation as defined in subsection 7(1) (quoted above) to a terminated distributor.

20. Section 7(1.5) of BIFDA states, with emphasis added:

> If a brewer is required to pay reasonable compensation as described in subsection (1) and the question of reasonable compensation is the only issue between the parties, **the brewer shall, in good faith, make a written offer to pay reasonable compensation.** The wholesaler shall have 30 days from receipt of the written offer to accept or reject the brewer's offer.

21. Section 7(1.5) of BIFDA further provides:

> If the wholesaler does not, in writing, accept the brewer's written offer, either party may elect to submit the determination of reasonable compensation to expedited binding arbitration. If one

5

party notifies the other party in writing that it elects expedited binding arbitration, the other party has 10 days from receipt of the notification to elect expedited binding arbitration or to reject the arbitration in writing.

22. Under Section 7(1.5)(B) of BIFDA, 815 ILCS 710/7(1.5)(B):

> If the brewer elects expedited binding arbitration but the wholesaler rejects the offer to arbitrate the wholesaler may proceed against the brewer under Section 9, provided the wholesaler must surrender the affected brand or brands to the brewer if a proceeding under Section 9 has not been initiated within 90 days after the wholesaler rejects the offer to arbitrate. Upon determination of reasonable compensation pursuant to Section 9, the brewer shall pay the wholesaler the amount so determined. Until receiving payment from the brewer of the amount so determined, the wholesaler shall retain the affected brand or brands. If (a) the wholesaler retains the affected brand or brands for a period of 2 years after the wholesaler rejects the offer to arbitrate, (b) the amount of reasonable compensation has not been determined, and (c) an injunction has not been issued, the brewer shall, in good faith, make a payment of reasonable compensation to the wholesaler. If, however, the brewer fails to ship or make available brands ordered by the wholesaler prior to the brewer making any payment (including a good faith payment as provided in this subsection) to the wholesaler, the wholesaler shall be entitled to injunctive relief and attorneys' fees and shall subject the brewer to punitive damages. Upon receipt of this payment, the wholesaler must surrender the affected brand or brands to the brewer, provided that such surrender shall not affect the brewer's obligation to pay all amounts ultimately determined due to the wholesaler under this Act.

23. Under Section 9(2) of BIFDA, 815 ILCS 720/9(2), "[a] brewer or wholesaler may bring an action for declaratory judgment for determination of any controversy arising under this Act or out of the brewer and wholesaler relationship."

24. Under Section 9(7) of BIFDA, 815 ILCS 720/9(7), "[i]f there is a finding by a . . . court in a proceeding under this Section or under subsection (1.5) or (2) of Section 7 that a party has not acted in good faith, an appropriate penalty shall be assessed by . . . the court against that

party and, in addition, that party shall also be ordered to pay all court or arbitration costs and reasonable legal fees incurred by the other party in the proceeding."

### C. Sapporo Failed to Make a Good-Faith Offer of Reasonable Compensation for the Fair Market Value of Glunz's Exclusive Unibroue Distribution Rights as Required by Section 7(1.5) of BIFDA.

30. Beer wholesalers and Brewers often value distribution rights using a multiple of the trailing 12-months gross profits the wholesaler earns on its sales of the Brewer's products ("Trailing 12-Month Gross Profits"). In recent years, throughout Northern Illinois (where Glunz conducts business) distribution rights for beer brands of average sales growth potential, or even declining growth, have been bought or sold in transactions with values at seven and one-half to eight times Trailing 12-Month Gross Profits. Transactions involving beer brands with significant sales growth and growth potential have been valued at, and in excess of, 10 times Trailing 12-Month Gross Profits. Glunz cannot allege the specifics of these transactions because of confidentiality restrictions. However, specific evidence of these transactions will be made available during discovery subject to the entry of a protective order.

31. Sapporo is a growth-minded company that possesses significant market share and growth potential. Indeed, Sapporo recently purchased Stone Brewing Company for $165,000,000.00 and intends to aggressively scale manufacturing in the United States to drive demand. In fact, after acquiring Stone Brewing Company, Sapporo's president stated Sapporo had "been thinking about establishing an optimal manufacturing base in this area for some time, including building our own factory, and we decided that acquiring Stone Brewing Co. would be the best choice." Sapporo did so because "Stone meets all the requirements we [Sapporo] were looking for in a partner for growth." *See* https://www.sandiegouniontribune.com/business/story/2022-09-02/end-of-an-era-stone-brewing-completes-165-million-sale-to-japans-sapporo. By some estimates, Sapporo intends to add 360,000 barrels of volume brewed in the United States

7

by the end of 2024. *See* https://www.brewbound.com/news/stone-brewing-to-be-sold-to-sapporo-holdings/.

32. Additionally, Glunz is committed to growing the Unibroue brand. Glunz generated year-to-year gross revenue growth of 32.3% for the Unibroue brand when comparing (a) gross revenue from March 1, 2021 – February 28, 2022 to (b) gross revenue from March 1, 2022 – February 28, 2023.

33. In its purported notices of termination sent on February 24, 2023, Sapporo did not offer reasonable compensation for the Unibroue brand to Glunz.

34. On March 7, 2023, Sapporo sent follow-up correspondence to Glunz purportedly terminating Glunz's exclusive Unibroue distribution rights. In its March 7, 2023, correspondence, Sapporo offered Glunz two and one-half times Glunz's Trailing 12-Month Gross Profits on Unibroue products. Given Glunz's dedication to the Unibroue brand, its growth of the Unibroue brand, and Sapporo's exceptional sales and its growth potential, in addition to the values at which brands with much less volume and intended growth have recently sold in the same geographic area, Sapporo's offer of two and one-half times Glunz's Trailing 12-Month Gross Profits was not a good-faith offer to pay *reasonable* compensation, as required by BIFDA, Section 7(1.5).

35. Upon information and belief, Sapporo's designated successor distributor agreed with Sapporo to pay Glunz the reasonable compensation Sapporo owes Glunz pursuant to BIFDA and the parties' distribution agreement (or to reimburse Sapporo these amounts). Accordingly, Sapporo should have learned from its designated successor (and potentially did learn from such successor) the going rate values of beer distribution rights in Northern Illinois in which Glunz conducts business. Sapporo should have learned, or did learn, that brand

8

distribution rights for brands with significantly less sales growth expectancies, or even flat sales growth, are being bought and sold in arm's length transactions at values considerably greater than Sapporo's offer of two and one-half times Trailing 12-Months Gross Profits.

36. Glunz informed Sapporo its offer was well below acceptable market value. Notwithstanding, Sapporo never offered Glunz a value remotely approximating the average value (given recent transactions) in exchange for Glunz's exclusive Unibroue distribution rights.

37. On August 14, 2023, Sapporo rejected Glunz's latest offer for the fair market value of the distribution rights at issue in this litigation. Specifically, Sapporo rejected Glunz's latest counteroffer of 9.5 times the trailing twelve months of Glunz's gross profits earned on the sales of Unibroue products, and Sapporo made a "final offer" of 6.0 times the trailing twelve months of gross profits earned on the sales of Unibroue products. Given Glunz's dedication to the Unibroue brand, its growth of the Unibroue brand, Sapporo's exceptional sales and its growth potential, in addition to the values at which brands with much less volume and intended growth have recently sold in the same geographic area, Sapporo's offer of six times Glunz's Trailing 12-Month Gross Profits is not a good-faith offer to pay reasonable compensation.

38. Also on August 14, 2023, Sapporo demanded arbitration. In accordance with BIFDA, on August 23, 2023, Glunz timely rejected the offer to arbitrate. Glunz now bring suit and ask this Court, pursuant to BIFDA, 815 ILCS 720/9, to enter a declaratory judgment setting the reasonable compensation for the fair market value Glunz's exclusive Unibroue distribution rights.

### COUNT I
### Declaratory Judgment

39. Glunz reincorporates paragraphs 1 through 38 as if set forth in their entirety as this paragraph 39.

9

40. Sapporo made an offer of purported fair market value pursuant to Section 7(1.5) of BIFDA.

41. Sapporo's latest offer of purported fair market value was substantively unreasonable and therefore not made in good faith, as required by BIFDA. Additionally, Sapporo's offer of purported fair market value was not a good-faith offer to pay *reasonable* compensation, as required by BIFDA.

42. Glunz timely rejected within 30 days Sapporo's initial offer of two and one-half times the trailing twelve months of gross profits earned on the sales of Unibroe products.

43. Glunz timely rejected Sapporo's demand for binding arbitration within 10 days.

44. Glunz and Sapporo have failed to reach an agreement of fair market value and are at a deadlock.

45. Glunz has timely filed suit within 90 days of the date on which it rejected the demand for arbitration.

46. Glunz has complied with all of BIFDA's prerequisites and prays for this Court to confirm the reasonable compensation of the fair market value of its businesses for the Sapporo brands pursuant to Sections 7 and 9 of BIFDA in response to Sapporo's termination of Glunz's exclusive distribution rights.

WHEREFORE, Glunz respectfully prays for this Honorable Court to enter an Order:

a. Declaring the reasonable compensation for the fair market value of Glunz's business with relation to the Unibroue brands, which Glunz should receive under the Illinois Beer Industry Fair Dealing Act as a consequence of Sapporo's termination of Glunz's exclusive distribution rights;

b. Finding that Sapporo has not acted in good faith, assessing an appropriate penalty, and awarding to Glunz its court costs and reasonable legal fees incurred in this proceeding; and

c. Awarding such other and further relief as this Honorable Court deems just and appropriate.

Dated: August 22, 2023                    Respectfully submitted,

                                                                 LOUIS GLUNZ BEER, INC.,

                                                                 /s/ Jeffery M. Heftman
                                                                 One of their attorneys

Rick A. Del Giudice, Esq. (r.delgiudice@gozdel.com)
Jeffery M. Heftman, Esq. (j.heftman@gozdel.com)
Ryan F. Manion, Esq. (r.manion@gozdel.com)
**GOZDECKI, DEL GIUDICE, AMERICUS & BROCATO LLP**
One East Wacker Drive, Suite 1700
Chicago, IL 60601
(312) 782-5010
**Firm I.D. #31746**

11

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
9/18/2023 1:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L008451
Calendar, Y
24414433

FILED DATE: 9/18/2023 1:29 PM 2023L008451

**IN THE CIRCUIT COURT OF COOK COUNTY,
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| LOUIS GLUNZ BEER, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 2023 L 008451 |
| v. ) | |
| ) | Judge Catherine Schneider |
| SAPPORO U.S.A., INC., ) | Cal. Y |
| ) | |
| Defendant. ) | |

**NOTICE OF FILING**

TO:   *See Attached Service List*.

PLEASE TAKE NOTICE that on September 18, 2023, I shall cause to be filed in the Office of the Clerk of the Circuit Court of Cook County, Illinois, a **Waiver of Service**, a copy of which is hereby served upon you.

Dated:   September 18, 2023             Respectfully submitted,

**LOUIS GLUNZ BEER, INC.**

By:   /s:/ Jeffery M. Heftman
      One of its Attorneys


Jeffery M. Heftman, Esq. (j.heftman@gozdel.com)
Rick A. Del Giudice, Esq. (r.delgiudice@gozdel.com)
Ryan F. Manion, Esq. (r.manion@gozdel.com)
**GOZDECKI, DEL GIUDICE, AMERICUS & BROCATO LLP**
One East Wacker Drive, Suite 1700
Chicago, IL 60601
Ph. (312) 782-5010
**Firm ID: 31746**

FILED DATE: 9/18/2023 1:29 PM   2023L008451

## CERTIFICATE OF SERVICE

I, Louise Ortiz-Lynch, a non-attorney, hereby certify and states, that I caused a copy of this **Notice** and **Waiver of Service**, to be served via electronic mail on September 18, 2023 and addressed to counsel listed below on the attached Service List.

*Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.*

GOZDECKI, DEL GIUDICE, AMERICUS
& BROCATO LLP

_____
Louise Ortiz-Lynch, Administrative Assistant

## SERVICE LIST

| | |
|---|---|
| Brian Wainger, Principal<br>Ryan Dougherty<br>Kaleo Legal<br>4456 Corporation Ln, Suite 135<br>Virginia Beach, VA 23462<br>bwainger@kaleolegal.com<br>rdougherty@kaleolegal.com | Joseph M. Infante<br>Barry P. Kaltenbach<br>Miller Canfield PLC<br>227 W Monroe St., Suite 3600<br>Chicago, IL 60606<br>infante@millercanfield.com<br>Kaltenbach@millercanfield.com |

Shauna Barnes
SBarnes@drinkslaw.com